UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDDIE GUY LUSTER, SR., | ) |
| Movant, | ) ) ) |
| v. | ) No. 1:16-CV-13 (CEJ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## **MEMORANDUM**

Before the Court is the motion of Eddie Guy Luster, Sr., to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. In his motion to vacate, movant seeks a reduction of his sentence based on the recent Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

In *Johnson*, the Court held the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

In the instant case, movant was convicted of two counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). He was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1(a). Section 4B1.1(a) provides that a defendant is a career offender if (1) he was at least 18 years old when he committed the offense of conviction; (2) the offense of conviction is either a crime of violence or a controlled substance offense; and (3) he has at least two prior felony convictions for either a crime of violence or a controlled substance offense. The definition of "controlled substance offense" in U.S.S.G. § 4B1.2(b) includes a felony offense involving the distribution or possession with intent to distribute a controlled substance. With one minor exception, the term "crime of violence" in U.S.S.G. § 4B1.2(a) is defined in the same way as it is defined in the ACCA.[1] Moreover, the guideline and the statute contain identical residual clauses.

Movant was found to be a career offender based on his two prior felony convictions for controlled substance offenses, specifically distribution of cocaine base and distribution/delivery/manufacturing or possession with intent to distribute/deliver/manufacture a controlled substance. In *Johnson*, the Supreme Court left intact the ACCA's enhanced penalty where the defendant's predicate offenses involved the distribution of or the possession with intent to distribute a controlled substance. Because movant's status as a career offender was not predicated on prior convictions for crimes of violence, the residual clause of U.S.S.G. § 4B1.2(a) is not implicated and he is not entitled to relief under *Johnson*.

---

[1] The statute and the guideline differ in that the ACCA lists "burglary" as a predicate offense while the career offender guideline lists "burglary of a dwelling" as a predicate offense.

For the reasons discussed above, the court concludes that motion and the files and records of this case conclusively show that movant is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. <u>See</u> <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. ç 2253.

An order consistent with this memorandum opinion will be filed separately.

/s/ Carol E. Jackson
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of January, 2016.